IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:10CR431 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JACK ZOUHARY |
| v. | ) | |
| | ) | |
| ANTHONY C. WILLOUGHBY, | ) | UNITED STATES' SENTENCING |
| | ) | MEMORANDUM AND RESPONSE TO |
| Defendant. | ) | DEFENDANT'S OBJECTIONS TO |
| | ) | PRESENTENCE REPORT |
| | ) | |

Now comes the United States of America, by and through its counsel Steven M. Dettelbach, United States Attorney for the Northern District of Ohio, and James V. Moroney and Ava R. Dustin, Assistant United States Attorneys, and hereby files its Sentencing Memorandum, and Response to Defendant's Objections to Presentence Report.

MEMORANDUM

**Introduction**

On Dec. 16, 2011, Defendant Anthony C. Willoughby was convicted of juvenile sex trafficking by force, fraud, or coercion, a violation of Title 18, United States Code, §§ 1591(a)(1),

-2-

and (b)(1) and (b)(2). The statutory penalty for that violation is a 15 year mandatory minimum, up to a life prison sentence.

The U.S. Probation Office in its Presentence Report (PSR) determined Defendant to be in offense level 40; the PSR further found Defendant to be a career offender under U.S.S.G. § 4B1.1, to be sentenced at Criminal History category VI. Accordingly, under the advisory sentencing guidelines, Defendant is in a range of 360 months to life in prison.

Defendant through counsel filed Objections to Presentence Report on June 18, 2012, raising a number of legal and factual objections, and incorporating a 32-page list of purported objections from Defendant himself. While expressing Defendant's intent to appeal his conviction and sentence, Defendant asks for a sentence at the 15-year mandatory minimum. As to the guidelines, Defendant does not object to the base offense level of 34 under U.S.S.G. § 2G1.3(a)(1). He does object to any enhancements of that base offense level. On criminal history, he objects to career offender status, noting that absent that status, the PSR determined he was a CH IV. Defendant then seeks a one-category downward departure or variance, to CH III. His range at level 34, CH III, is 188-235 months.

The United States urges this Honorable Court to sentence the Defendant within the guideline range determined in the PSR, at 360 months to life.

**The Calculations in the PSR do not Constitute Double-counting**

The Defendant contends that enhancements determined in the PSR to the base offense level represent impermissible double-counting. These enhancements include two levels under U.S.S.G. § 2G1.3(b)(4), on the grounds that the offense involved the commission of a sex act or sexual contact; two levels under U.S.S.G § 2G1.3(b)(2)(B), because the Defendant otherwise unduly

-3-

influenced the victim to engage in prohibited sexual conduct; and two levels pursuant to U.S.S.G. § 3A1.1(b)(1), because the Defendant knew or should have known that the victim was vulnerable. In essence, defendant contends that a juvenile sex trafficking offense under Section 1591 must involve a sex act or sexual contact.  He also maintains that the jury's finding that the sex trafficking offense was effected through force, fraud, or coercion, means that undue influence is a part of the offense of conviction.  Finally, Defendant asserts that the offense of conviction by definition involves a minor, there cannot be an enhancement for vulnerability based on the victim's age.  Defendant is wrong on all these contentions, and there is no impermissible double-counting in the PSR's findings.

"Impermissible double counting occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." United States v. Farrow, 198 F.3d 179, 193 (6th Cir. 1999).  "[N]o double-counting occurs where, although the conduct underlying the two enhancements is the same, a single guideline provision requires the district court to increase the defendant's sentence based on different aspects of the defendant's conduct." United States v. Perkins, 89 F.3d 303, 310 (6th Cir. 1996).  Not all instances of double counting are impermissible: in United States v. Cobleigh, 75 F.3d 242, 251 (6th Cir. 1996), cited the 1993 Sentencing Guidelines amendment providing that "absent an instruction to the contrary, the adjustments from different guideline sections are applied cumulatively.  For example, the adjustment from § 2F1.1(b)(2) and § 3B1.1 are applied cumulatively."

As to the commission of a sex act or sexual contact, Defendant cites no case that holds that a Section 1591 offense requires a completed sexual encounter.  By example, a pimp may post a

-4-

juvenile on a website, and send her to a hotel for a purported sex act, which turns out to be an undercover operation. Or a pimp may put a juvenile out to "walk the track," or may drop a juvenile off at a truck stop to engage in prostitution, but no actual sex acts occur. Sex trafficking has been committed; when an actual commercial sex act occurs, Congress and the U.S. Sentencing Commission determined that the base offense level should be increased by two offense levels.

That this enhancement is not double counting is illustrated in cases involving 18 U.S.C. § 2423(a), the juvenile Mann Act. In United States v. Watkins, 667 F.3d 254, 261 (2d Cir. 2012), the U.S.S.G. § 2G1.3(b)(4)(A) increase was upheld on the grounds that the offense of transportation of a minor across state lines with the intent that the minor engage in criminal sexual activity could be committed without committing a sex act. The commission of a sex act was separate additional conduct not included in the base offense level. A similar result was obtained with the juvenile Mann Act and the undue influence enhancement under U.S.S.G.§ 2G1.3(b)(2), with the Sixth Circuit finding that a defendant could transport the minor across state lines without unduly influencing that minor. United States v. Lay, 583 F.3d 436, 445 (6th Cir. 2009). In the instant case, the underlying sex trafficking offense did not require proof of an actual completed sex act. The Defendant should not benefit by avoiding a legitimate enhancement because the evidence at trial showed he actually caused the victim to engage in actual sex acts.

With respect to the undue influence enhancement, the PSR is again correct and the Defendant mistaken. The Guidelines Commentary at Application Note 3(B) provides: "[i]n determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior. ... In a case in which a participant is at least 10 years older than the minor,

-5-

there shall be a rebuttable presumption, for purposes of subsection (b)(2)(B), that such participant unduly influenced the minor to engage in prohibited sexual conduct. In such a case, some degree of undue influence can be presumed because of the substantial difference in age between the participant and the minor." Guidelines Commentary is "authoritative." Stinson v. United States, 508 U.S. 36, 38 (1993).

In this case, the rebuttable presumption applies because at the time of commission of the offense, Defendant was 36 years old, while the victim was 16 years old. Moreover, as the evidence at trial revealed, Defendant attempted to convince the victim that they had a boyfriend-girlfriend relationship, which was initially used as an inducement for the victim to engage in prostitution. Clearly there was undue influence exerted by the Defendant.

As to the vulnerable victim adjustment, this enhancement under U.S.S.G. § 3A1.1(b)(1) is warranted, and is based on many factors beyond the victim's age. This section applies for a victim who is "unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct ." U.S.S.G. § 3A1.1., Commentary, Application Note 2. As long as the defendant knows or has reason to know of the victim's unusual vulnerability, the adjustment applies. United States v. McCaster, 333 F.App'x 970, 974 (6th Cir. 2009), citing United States v. Newman, 965 F.2d 206, 212 (7th Cir. 1992). The victim need not be targeted because of her vulnerability. Id. As long as there are grounds independent of the victim's age to establish vulnerability, the enhancement is proper even if age is a factor in the base offense level. United States v. Irving, 554 F.3d 64, 75 (2d Cir. 2009). For instance, in United States v. Scott, 529 F.3d 1290, 1301 (2008), the victim was found unusually vulnerable in a trafficking case in part due to the victim having run away from home.

-6-

The trial record reflects ample evidence of the victim's vulnerability.  She was a runaway, from foster care and did not have family anywhere proximate.  She was also homeless, and was about to be put out of temporary living arrangements with an acquaintance of Defendant's, when he agreed to "take her in."  It was the dead of winter, in early February 2009, and the victim had but the clothes on her back.  She was penniless, and had no phone.  She did not have a car, and couldn't drive even if she had a vehicle.  On top of these bleak circumstances, Defendant almost immediately began having sex with her, convincing her that they were in a relationship.  This of course made it easier to convince her to start calling for "dates" from Defendant's customer list.  For all of these reasons, this victim was extremely vulnerable, and Defendant knew of her vulnerabilities.

**Judicial Fact-finding by Preponderance of the Evidence is Permissible**

Defendant further objects to the above-cited sentencing guideline enhancements, and the application of the career offender provision, on the ground that these determinations, if applied by the court, would constitute judicial fact-finding by the preponderance of the evidence standard which is generally used in sentencing proceedings.  Defendant contends these facts need to be found by a jury under the beyond a reasonable doubt standard.

"It is well-established in the Sixth Circuit that no Fifth or Sixth Amendment violation occurs when a judge makes findings of fact at sentencing under the preponderance of evidence standard." United States v. Mayberry, 540 F.3d 506, 516 (6th Cir. 2008).  As long as the sentencing court does not exceed the statutory maximum sentence, the court may use the preponderance of evidence standard to find facts necessary to compute the correct guideline range.  United States v. Roberge, 565 F.3d 1005, 1012 (6th Cir. 2008).  See also, United States v. Stewart, 628 F.3d 246,

256 (6th Cir. 2010). Herein, the Court may find the facts necessary to support the enhancements and the career offender provision by a preponderance of the evidence, as the increases in the advisory guidelines range cannot exceed the statutory maximum sentence in this case.

**The Career Offender Provision**

Defendant objects to application of the career offender provision under U.S.S.G.§ 4B1.1, which subjects him to sentencing at criminal history category VI, rather than IV. It is noted that his offense level is computed in the revised PSR at 40, which is in excess of the level 37 set forth in the table in § 4B1.1(b). It is acknowledged that the career offender provision, as any other guideline provision, is advisory and not mandatory. United States v. Michael, 576 F.3d 323 (6th Cir. 2009).

As an initial matter, Defendant meets the requirements for the career offender provision. He was at least 18 at the time of commission of the instant offense, he had two prior felony controlled substances convictions, and the instant offense is a crime of violence. U.S.S.G. § 4B1.1(a). Although counsel for the United States could not find a Sixth Circuit case holding that Section 1591 is a crime of violence, under the guidelines definition and other pertinent case law, it is clear that it is a crime of violence. U.S.S.G. § 4B1.2(a) defines a crime of violence as any federal or state felony that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) ... otherwise involves conduct that presents a serious potential risk of physical injury to another." It is difficult to conceive how juvenile sex trafficking by means of force, fraud, or coercion would not meet this definition.

-8-

Section 2423(a) cases are illustrative. In United States v. Carter, 266 F.3d 1089 (9th Cir. 2001), transporting a minor across state lines to engage in prostitution was found to be a crime of violence. A similar result was reached in United States v. Williams, 529 F.3d 1 (1st Cir. 2008), again holding that a transportation offense was a crime of violence. As the Court will recall from the trial record, one of the customers to whom Shanae Wells was sent was a registered sex offender. Another was a drug dealer. She was basically sold to people who easily could have beaten or killed her, or infected her with life-threatening diseases. Section 1591 is a crime of violence.

The Court has a judgment to make in applying 4B1.1 to the Defendant. The United States asks the Court to make that judgment. The career offender provision has been found to be an implementation of a congressional directive in 28 U.S.C. § 994(h) that the U.S. Sentencing Commission assure that certain career offenders receive a sentence "at or near the maximum term authorized." United States v. Funk, 477 F.3d 421, 429 (6th Cir, 2007). The career offender provision and § 994(h) "accurately reflect the command of 18 U.S.C. § 3553(a) that among the factors to be considered in imposing a sentence are the history and characteristics of the defendant," and to deter criminal conduct and protect the public from further crimes of the defendant. United States v. Garza, 999 F.2d 1048 (6th Cir. 1993). The Defendant is an offender who merits career offender treatment.

**The Defendant's Objections**

Attached to Defendant's Objections to Pre Sentence Report, which was prepared by Defendant's counsel, is a 32-page document, addressed to Probation Officer Myrna L. Greenwood and bearing a date stamp of May 29, 2012. This document was prepared by Defendant, and

-9-

apparently submitted to the U.S. Probation Office.  It is incorporated by reference to the document prepared by defense counsel.   Other than several paragraphs beginning at the bottom of p. 25 and continuing through the top of p. 27, which address the criminal history computation, and several paragraphs on pp. 27 and 28 relating to Defendant's background and employment history (which matters are properly deferred to U.S. Probation), none of the assertions, representations, denials, and other statements in the 32-page letter constitute proper, cognizable objections to a PSR.  Instead, Defendant's letter raises legal issues and arguments, rehashes already-decided pretrial and trial issues, and disputes the trial record and the previous statements of witnesses, including those of the victim, Shanae Wells.  The Defendant has been given an opportunity to set forth his "version" of the facts in ¶¶ 28-31 of the PSR.  The Probation Officer who prepared the PSR did not attend the trial, but wrote ¶¶ 5-24 based upon offense conduct information provided by the U.S. Attorney's Office and the FBI.  The Probation Officer has accurately summarized those materials, and the United States stands by those paragraphs.  Defendant somehow has the misperception that because he disagrees with those statements and representations in the offense conduct paragraphs, that makes them wrong, and that Defendant is entitled to have his contrary positions noted within the government's offense conduct recitation.  Defendant is flatly wrong.

From the first page of Defendant's letter, through the top of p. 3, Defendant complains about his representation by prior defense counsel.  While these complaints may have bearing on Defendant's direct appeal, or a subsequent Section 2255 petition, they have no consequence to the PSR.

There follows five pages of argument about the return of the indictment, the language of the indictment, the execution of the indictment, whether the indictment was amended at trial, and

the trial evidence (or alleged lack thereof) regarding the existence of force, fraud, or coercion. Again, these are legal arguments which, if they have not been waived under Fed.R.Crim.P. 12(b)(3), are appropriate on appeal. In two of his rambling contentions, however, Defendant is flatly wrong. He alleges that federal grand juries returned three no bills before indicting him. That is false, and Defendant makes that claim without seeing any grand jury records whatsoever. Secondly, he asserts his indictment was not signed by an attorney for the government as required under Fed.R.Crim.P. 7(c)(1). Defendant makes that claim having an unsigned copy of his indictment in his possession, either from the Clerk's Office or the discovery process. The only indictment which bears original signatures of the attorney for the government and the grand jury foreperson is kept in the Clerk's vault. Undersigned counsel was responsible for receiving that original signed indictment from the grand jury, and submitting that original for filing through the return process by a U.S. Magistrate Judge.

Beginning on p. 8, and continuing through p. 24, and the two pages designated as "Add-On" pages, Defendant either attacks the search of his home with a state court search warrant, or points out what he believes are inconsistencies between the offense conduct set out in the PSR, and the trial testimony, primarily of the victim. At various points, he raise other legal issues, such as the propriety of expert testimony by the case agent, the admission of Rule 404(b) evidence, the sufficiency and accuracy of the interstate commerce evidence, and the evidentiary significance of the DNA evidence. None of these arguments are appropriate in the context of objecting to the PSR. In many cases, the evidence was admitted by the Court after hearings and pleadings (such as the 404(b) evidence), and the suppression issues have been previously decided. His contentions that the use of a state court warrant was a ruse, this was really a federal investigation, there was a

-11-

Rule 41 violation, the jurat for the affiant's signature was missing, there was no oath taken, there was no probable cause, there was a lack of particularity, and the affidavit was not incorporated into the warrant, were addressed and rejected through pretrial motions and rulings. As to inconsistencies or contradictions between the victim's statements and her trial testimony, it is the trial testimony supporting the verdict of guilty that governs.

In short, as to Defendant's letter, the Court need only consider as legitimate objections to the PSR those assertions regarding the criminal history computation, and defendant's background. The United States believes that the revised PSR, issued June 22, 2012, correctly considered the criminal history objections, and made the necessary revisions to the report as to Defendant's background.

**Conclusion**

For all the foregoing reasons, the United States respectfully requests this Honorable Court to sentence the Defendant within the advisory guidelines range, and at the criminal history category, determined in the revised PSR, i.e., offense level 40 in CH VI, for a range of 360-life.

    Respectfully submitted,

    STEVEN M. DETTELBACH
    United States Attorney

By:    /s/ James V. Moroney
    James V. Moroney (Reg. No. 0019064)
    Assistant U.S. Attorney
    U.S. Court House, Suite 400
    801 West Superior Avenue
    Cleveland, Ohio  44113-1852
    Tel. No.:  (216) 622-3827
    Fax No.:  (216) 522-7328
    james.moroney@usdoj.gov

    /s/Ava R. Dustin
    Ava R. Dustin  (Reg. No. 0059765)
    Assistant U.S. Attorney
    Four Seagate, Suite 308
    Toledo, Ohio 43604
    Tel. No.:  (419) 259-6376
    Fax No.:  (419) 259-6360
    Ava.Rotell.Dustin@usdoj.gov

-13-

CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing though the Court's system.

    /s/ James V. Moroney
James V. Moroney
Assistant U.S. Attorney
U.S. Court House, Suite 400
801 West Superior Avenue
Cleveland, Ohio 44113-1852
Tel. No.: (216) 622-3827
Fax No.: (216) 522-7328
james.moroney@usdoj.gov
Registration No. 0019064