IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE  NO. 3:10CR431 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JACK ZOUHARY |
| v. | ) | |
| | ) | |
| ANTHONY C. WILLOUGHBY, | ) | UNITED STATES' SUPPLEMENTAL |
| | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel Steven M.

Dettelbach, United States Attorney for the Northern District of Ohio, and James V. Moroney and

Ava R. Dustin, Assistant United States Attorneys, and hereby files its Supplemental Sentencing

Memorandum.

MEMORANDUM

This case was set for sentencing on June 26, 2012, at 2:00 pm.  Sentencing was continued

on a procedural issue, to July 3, 2012, at 9:30 am.  The Court asked for supplemental briefing on

the appropriate sentence in light of the Section 3553(a) factors, and in the face of the disparity in

the recommended positions of the parties.  Defendant has asked for a sentence at the statutory

mandatory minimum of 15 years (180 months).  Counsel for the United States has asked the Court

-2-

to sentence within the range determined in the revised PSR, i.e., 360 months to life.  That remains the government's position, that under the Section 3553(a) factors a Guidelines sentence is both reasonable and warranted.

**The Defendant's Position is Unreasonable**

As noted by counsel for the United States in chambers on June 26, 2012, a sentence at the statutory mandatory minimum would be unreasonable.  To be entitled to a minimum sentence, ordinarily the government would expect that a defendant had entered a guilty plea, possibly cooperated or provided information about others, stated a factual basis supporting guilt, and expressed remorse.  As the Court is aware, this Defendant rejected reasonable pretrial plea offers, refused to stipulate to any facts, insisted on a trial (admittedly, his constitutional right), and was found guilty by the jury in slightly less than a half-hour of deliberation.  He now insists he has been "railroaded," alleged that trial counsel was conspiring to have him found guilty, takes issue with every fact underlying his conviction, and liberally calls the victim, other witnesses, government agents, and prosecutors liars.  To reward this Defendant with a minimum sentence, or any sentence close to that minimum, would be wrong.

**A Sentence Within the Guideline Range is Presumptively Reasonable**

The Court has ruled on Defendant's Objections to the PSR, upholding three two-level enhancements to the base offense level of 34, thus presenting an adjusted offense level of 40 (Dkt. 117).  The Court also found that the elements have been satisfied for career offender treatment, fixing the Criminal History category at VI (Dkt. 117).  Thus Defendant's guideline range is 360 months, to life.  The Sixth Circuit has held that with a properly-calculated guideline range, there is

-3-

a rebuttable presumption of reasonableness accorded to a sentence within that range.  United States v. Vonner, 516 F.3d 382, 389 (6th Cir. 2008)( en banc); United States v. Mendez, 362 Fed. Appx. 484, 2010 WL 272993 (6th Cir. 2010).  A sentence within the range of 360 months to life would carry this presumption, and Defendant arguably cannot present factors which rebut the presumption.  Moreover, as the United States noted in its initial Sentencing Memorandum, the Sentencing Guidelines include the career offender provision in implementation of a congressional directive that career offenders receive a sentence "at or near the maximum authorized." United States v. Funk, 477 F.3d 421, 429 (6th Cir. 2007).

**Analysis of the Section 3553(a) Factors Support a Guideline Sentence**

As an initial matter, 18 U.S.C. § 3553(b)(2)(A) directs the Court in sentencing a defendant convicted of a Section 1591 offense to sentence within the guideline range, unless the Defendant can identify a mitigating circumstance as defined in § 3553(b)(2)(A)(ii).  In the opinion of counsel for the United States, there are no such mitigating circumstances present in this case.

In considering the nature and circumstances of the offense, a guideline sentence is warranted.  The offense herein was horrific.  The Defendant took a vulnerable homeless runaway into his home, and not only used her as an uncompensated house cleaner and babysitter, but began having sex with her almost immediately.  The sex with a sixteen-year-old continued on a daily basis.  She was beaten on at least three occasions by the Defendant.  He very quickly turned her out to prostitution, with no regard for her safety (as evidenced by the two meetings with "Chip," the registered sex offender).  When the victim no longer served Defendant's purposes, he dropped her off at her foster parents, believing she was sick, and pregnant, but not before threatening her and her foster family.  The crime committed by this Defendant calls for a severe sentence.

-4-

Considering the history and characteristics of the Defendant, again a guideline sentence is appropriate.  Defendant was 36 years old at the time of the offense.  He reports no employment history before 2004 (rev. PSR, ¶ 101), and sporadic employment since that time.  He has four children with three different women (rev. PSR, ¶ 79).  His criminal history results in career offender treatment: he has adult convictions back to 1995, including the 2004 and 2005 felony drug convictions.  With respect to the 2005 conviction, he sold crack cocaine at a motel in Michigan with his then-four-year-old daughter in his car (rev. PSR, ¶ 56).  He has had 11 cases dismissed between 1994 and 2008, including five domestic violence charges (rev. PSR, ¶¶ 61-71).  Realistically, this Defendant has been for a long time a drug-dealer and a pimp.  Although the Court excluded from the trial evidence of drug trafficking and involvement, Shanae Wells told the agents that while she was living with him, Defendant cooked crack in his kitchen and sold the drugs from his house.  In fact, Defendant "sold" Shanae for sex to a drug customer named "Pistol" when the latter came to Defendant's house to purchase drugs.  Renee Todd told the agents that each time Defendant solicited her to work as a prostitute for him, he provided her drugs.  Stephanie Hummer told the agents and testified in grand jury that she obtained drugs from defendant, and knew him more as a drug-dealer than a pimp (although she prostituted for him for almost a year in 2004-05).

The prostitution evidence also showed long-term involvement: Ms. Hummer as indicated worked for Defendant in 2004-2005.  Renee Todd testified that she was "walking the track" on Lagrange Street, and Defendant solicited her on three occasions to work for him as a prostitute, over a period around 2005-06.  Amber Higgenbotham was prostituting for Defendant over the

-5-

winter of 2008-09, before Defendant turned out Shanae Wells.  Ms. Higgenbotham told the agents
Defendant was well-known as a pimp in the Toledo area.

  For all of these reasons, this Defendant deserves a sentence within the guidelines range.

  Given the foregoing, there is a serious need to deter future criminal conduct by this
Defendant.  The Court has every reason to believe that if released, Defendant will return to
pimping and selling drugs.  There is an accompanying need to protect the public from future
criminal activity by this Defendant.  Not only is there a history of drug-dealing and pimping, but
there are strong indicators of violent tendencies: the domestic violence charges against Defendant
were for the most part dismissed because the complaining witness could not be located, or failed to
appear.  As stated, Shanae Wells stated she was beaten over matters such as using Defendant's cell
phone without permission.

  In terms of the need to avoid unwarranted sentencing discrepancies among defendants with
similar records who have been found guilty of similar conduct, counsel for the United States are
unaware of other cases involving perpetrators with records similar to the Defendant who went to
trial on Section 1591 charges.  U.S. District Judge Katz recently sentenced defendant Mark A.
Fetter to 125 months in prison in Case No. 3:10CR0411.  Fetter plead guilty to juvenile sex
trafficking (without force, fraud, or coercion).  Fetter cooperated with law enforcement, and
received a three-level downward departure under U.S.S.G. § 5K1.1 (so he was not subject to the
ten-year mandatory minimum).  U.S. District Judge Carr has sentencing pending for Roy Calhoun
in Case No. 3:10CR0464.  Calhoun plead guilty to three felonies, including juvenile sex trafficking
(without force, fraud, or coercion) under Section 1591.  In his plea agreement, Calhoun and the

-6-

United States agreed to a binding recommendation for a fifteen-year sentence, which Judge Carr
indicated he would impose.

    Looking to other reported cases, there is support for a significant sentence in this case.  In
United States v. Salazar, 287 Fed. Appx. 330, 2008 WL 2787406 (5th Cir. 2008), the court affirmed
a sentence at the statutory maximum for juvenile sex trafficking (imposed prior to the amendment
providing for a life sentence).  In United States v. Mendez, 362 Fed. Appx. 484, 2010 WL 272993
(6th Cir. 2010), the court affirmed a 600-month sentence for juvenile sex trafficking, which
sentence represented a downward variance from the guidelines range of life in prison.  Defendant
entered a plea of guilty to two counts, and cooperated with law enforcement.  It is conceded that
this defendant committed even more egregious conduct than Defendant in the instant case (Mendez
operated a brothel over a long period of time with multiple juvenile victims, one of whom he
raped), but the court rejected his claims for a lower sentence based on his cooperation, his guilty
plea, remorse, lack of education, and drug and alcohol abuse.

    In United States v. Sanchez, 433 Fed. Appx. 44, 2011 WL 4389930 (2d Cir. 2011),
defendant entered a guilty plea to sex trafficking, and was sentenced to 240 months in prison.  The
court noted that 240 months was consistent with other sex trafficking sentences in the Second
Circuit, and other circuits.  Sanchez, 433 Fed. Appx. at 46.  In United States v. Poynter, 495 F.3d
349 (6th Cir. 2007), the defendant plead guilty to traveling in interstate commerce to engage in
illicit sexual conduct with two minors.  His guideline range at level 32 was 188-235 months; the
district court sentenced him to the statutory maximum of 720 months, a 206% upward variance
from the top of the guidelines range.  The Sixth Circuit remanded the case for re-sentencing, or to
provide a"more compelling" justification for such a substantial upward variance.  Finally, in

-7-

United States v. Jordan, 435 F.3d 693 (7th Cir. 2006), the defendant, a 42-year-old, plead guilty to traveling in interstate commerce to have sex with a 15-year-old girl.  His guideline range was 110-137 months; the district court sentenced him to the statutory maximum 240 months.  The Seventh Circuit found that sentence reasonable, and that the district judge made the appropriate Section 3553(a) findings to support the sentence.  Jordan, 435 F.3d at 697.

These cases support the conclusion that a guideline sentence for the Defendant would not represent an unwarranted disparity with defendants with similar records.

**Conclusion**

For all of the foregoing reasons, this Honorable Court is requested to sentence the defendant within the determined guideline range of 360 months to life.

Respectfully submitted,

STEVEN M. DETTELBACH
United States Attorney

By:    /s/ James V. Moroney
       James V. Moroney (Reg. No. 0019064)
       Assistant U.S. Attorney
       U.S. Court House, Suite 400
       801 West Superior Avenue
       Cleveland, Ohio  44113-1852
       Tel. No.:  (216) 622-3827
       Fax No.:  (216) 522-7328
       james.moroney@usdoj.gov

       /s/Ava R. Dustin
       Ava R. Dustin  (Reg. No. 0059765)
       Assistant U.S. Attorney
       Four Seagate, Suite 308
       Toledo, Ohio 43604
       Tel. No.:  (419) 259-6376
       Fax No.:  (419) 259-6360
       Ava.Rotell.Dustin@usdoj.gov

-8-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 29, 2012, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing though the Court's system.

/s/ James V. Moroney
James V. Moroney
Assistant U.S. Attorney
U.S. Court House, Suite 400
801 West Superior Avenue
Cleveland, Ohio  44113-1852
Tel. No.:  (216) 622-3827
Fax No.:  (216) 522-7328
james.moroney@usdoj.gov
Registration No. 0019064